Thompson, J.
My recollection is confined to the case.
*573 Kent, J.
delivered the opinion of the court. There can be no doubt that the verdict is against evidence. The one issue is upon the allegation that no bond was given, and that it was for his deliverance from such custody. But the evidence on *both sides concurs, that when [*460] the bond was given, George Driggs was not a prisoner, but at large, and had been so for some days, by the permission of the sheriff. The other issue is upon the allegation, that the judgments were suffered by the plaintiff to be entered by default fraudulently. But there is no svidence of such fraud, and no ground from which to infer my. A judgment by default is no presumption of collusion, if no real defence appear, or could have been made. The verdict must, therefore, be set aside, unless we perceive clearly from the case, that the plaintiff can never sustain a suit upon the bond, and then a new trial would be useless. A bond given to indemnify against an escape already happened., is good.(a) The bonds, which are void under the act, as being given for ease and favor, are those given by a person in custody. Dawson v. Bruner, cited in 10 Co. 100, a. Moore, 542, case 717; 11 Mod. 93, and 2 Ld. Raym. 1207. S. C. 6 Mod. 225. There is, therefore, no reason to conclude, from the testimony, as it appears in the case, that the bond is void; and it ought at least to appear *574 manifestly, before the court could notice it under the present motion. [1]
The verdict must, therefore, be set aside on payment of costs.
Lewis, Ch. J. and Livingston, J. absent.
New trial granted.

 See Acker v. Burrall, 21 Wend. 605; Trustees of Newburgh v. Galation, 4 Cow. 340; The Steuben Co. Bank v. Matthewson, 5 Hill, 49; Webber’s Exrs. v. Blunt, 19 Wend. 188, (note); Stone v. Hooker, 9 Cow. 154; Kneeland v. Rogers, 2 Hall, 579; Strong v. Tompkins, 8 J. R. 98; Love v. Palmer, 7 J R. 159 • Harp v. Osgood, 2 Hill, 216.